HARRY P. BLESSING, RESPONDENT, v. CENTRAL RAIL-
ROAD COMPANY OF NEW JERSEY, APPELLANT.

Submitted March 21, 1918—Decided June 8, 1918.

The charge for carting a bag of potatoes from the place where plaintiff bought them (at a reasonable market price) in New York City to the defendant's freight station in the same city, from whence they were shipped to Lakewood, New Jersey, does not constitute a part of the value of the shipment within the meaning of the bill of lading which provides that "the amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property at the place and time of shipment under this bill of lading, including the freight charges, if paid."

On appeal from the First District Court of Jersey City.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the appellant, *De Voe Tomlinson* and *George Holmes*.

For the respondent, *Melosh & Morten*.

The opinion of the court was delivered by

TRENCHARD, J.    This suit was brought to recover the value of a shipment of one bag of potatoes consigned from New York City to Lakewood, New Jersey, and which was lost in transit.

At the trial the defendant did not contest the fact of its liability, but contended that it was liable only in the sum of $9.50, the amount paid by the plaintiff for the potatoes in question. The trial judge, however, considered that, in addition to the amount of such purchase price, plaintiff was entitled to recover the carting charge, which was paid by him, for hauling of the potatoes from the place where he had purchased them to the freight station of the defendant. Judgment was, therefore, rendered in favor of the plaintiff in the amount of $10, which judgment is now here for review.

We are of the opinion that the learned trial judge erred. The shipment moved under a bill of lading which provided, *inter alia,* as follows:

"The amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property at the place and time of shipment under this bill of lading, including the freight charges, if paid."

Plaintiff had purchased these potatoes from one McCarren, at 90 Vesey street, New York City, paying therefor $9.50, which it is conceded was a reasonable price. He had them carted from McCarren's place to defendant's freight station, in New York City, and paid for such carting the sum of fifty cents, which it is conceded was a reasonable charge for such service. At defendant's freight station there is no place where potatoes are bought or sold and no market for the sale of potatoes is maintained there. The potatoes were delivered at such freight station for the purpose only of having them transported to Lakewood, their destination.

No other evidence as to value was submitted, and therefore the sole question for determination is whether under the proofs the value of these potatoes "at the place and time of shipment" was $9.50 or $10. We conclude that it was the

former sum, and while the amount here in controversy is small the principle is important.

We think that the carting charge did not constitute a part of the value of the shipment within the meaning of the bill of lading, but was mere incidental damage, and that the court erred in including such charge in the amount of the judgment which was rendered in favor of the plaintiff.

At the common law the measure of damages in the case of a total loss of a shipment was, first, the value of the goods at the time and place of destination, and secondly, any incidental damages which were the natural and proximate result of the breach of the contract of carriage.

It is obvious that such a measure of damages was of necessity flexible and that its application in a particular case with any degree of certainty was often difficult. It seems clear that the adoption of the bill of lading provision (the validity of which has been sustained by the Court of Errors and Appeals in *Spada* v. *Pennsylvania Railroad*, 86 *N. J. L.* 187) was with the intent and for the purpose of fixing a definite and certain measure of damages in each particular case, to wit, the value of the shipment at the place and time of shipment. It is equally clear that such provision precludes any recovery for "incidental damages" which had heretofore in many instances formed a part of plaintiff's claims.

This case, therefore, resolves itself into the simple question of whether the carting charge was part of the value of these goods at the place and time of shipment, or whether it was a mere incidental damage, in which latter event it could not, of course, form a part of plaintiff's recovery.

It is a familiar rule of law that the test of the value of a certain commodity at any particular time and place is the market value thereof at such time and place, unless, of course, the commodity is one which is not bought and sold in the open market.

In this case there was at defendant's freight station no market or place where potatoes were bought and sold. The market value of the shipment would, of necessity, have to be determined by reference to the prevailing market price

for this species of potatoes in New York City on the date that this shipment originated. It cannot be seriously contended that these goods had different market value in different parts of New York City, or that their market value at defendant's freight station was not precisely the same as when at McCarren's place on Vesey street. The words "place and time of shipment," as used in the bill of lading, mean the city, town or locality where the shipment originated, as contradistinguished from the place of destination, and cannot possibly be construed to mean the actual street or station from which the goods are shipped. This is especially clear when it is considered that formerly the value at the time and place of destination was the determining factor.

The carting charge of fifty cents in the present case is a part of the money that the purchaser was, willing to risk in order to get the added value at Lakewood, where the potatoes were going.

To hold that this carting charge added to the value of these goods, within the meaning of the bill of lading provision, would be to establish a doctrine which, if consistently followed, would lead to many injustices. On plaintiff's theory, if these goods had been brought from another city, or even from another country, the cost of transportation from such other city or other country could be added to the purchase price and recovered from the defendant carrier. This proposition is self-destructive.

If plaintiff, after having had these potatoes carted to the defendant's freight station at a cost of fifty cents, had then sold them to some other person in New York at the market price, it is quite apparent that such market price would not have included the carting charge. So, likewise, if plaintiff had caused the potatoes to be carted to several different points in New York City in an endeavor to make sale of the same, it cannot be seriously contended that the value of the potatoes at the last point would be augmented by or would include the several different carting charges.

The judgment below will be reversed and a new trial awarded.